**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiffs, | 1:21-cr-00004-2-WAL-GWC |
| v. | |
| **JAHVAR LOOBY,** | |
| Defendant. | |
| _____ | |

TO:   Anthony R. Kiture, Esq.
      Daniel H. Huston, AUSA

## ORDER GRANTING RENEWED MOTION FOR THE RETURN OF PROPERTY SEIZED

THIS MATTER is before the Court upon Defendant Jahvar Looby's Renewed Motion for the Return of Property Seized (ECF No. 119). The Government filed a Response (ECF No. 123).

Upon his arrest on February 11, 2021, four rings were seized from Defendant by the Department of Homeland Security. Mot. at 2. The Department of Homeland Security considered the seized property proceeds of unlawful activity. *Id*. On April 7, 2021, U.S. Customs and Border Protection sent a letter with Notice of Seizure and Declaration of Forfeiture incorrectly addressed to "Ahvar" Looby. ECF No. 119-5. Upon no response from Defendant, the items were forfeited. Mot. at 4.

Defendant contends that the letter was sent to Defendant's physical address instead of his mailing address. Mot. at 4. The Government represents that the letter was "mailed to the address provided by the defendant upon his arrest." Opp'n at 2, n.1. Regardless, the

*USA v. Babrow et al*
1:21-cr-00004-2-WAL-GWC
Order Granting Renewed Motion for the Return of Property Seized
Page 2

letter was returned to sender for "insufficient address." ECF No. 119-5 at 14. The Government made no attempt to personally serve the documents on Defendant. Mot. at 4. The Government states that the letter as well as the July 14, 2021 Declaration of Administrative Forfeiture that was published on www.forfeiture.gov were sent to Defense Attorney on the same day of receipt. Opp'n at 2. No documentation—*e.g.*, a return receipt—has been provided to support this assertion. Defense Attorney Kiture refutes this statement and asserts that he did not receive a copy of the letter, nor any notice of the forfeiture, until December 21, 2021 when he sought concurrence for the instant motion. Mot. at 4. The Government concedes that Defendant did not receive actual notice of the underlying administrative forfeiture. Opp'n at 2. The Government appears to argue—sparsely—that the attempted notice and publications provided sufficient notice to Defendant. *Id*.

  The statute governing administrative forfeitures requires, in addition to notice by publication, "written notice . . . to each party who appears to have an interest in the seized article." 19 U.S.C. § 1607(a). This notice must be one that satisfies the Due Process Clause. *United States v. McGlory*, 202 F.3d 664, 671 (3d Cir. 2000). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

*USA v. Babrow et al*
1:21-cr-00004-2-WAL-GWC
Order Granting Renewed Motion for the Return of Property Seized
Page 3

Upon consideration that the Government knew its letter had not reached Defendant and did not further attempt service, and upon no evidence being proffered that any notice was provided to Defense Counsel, this Court cannot find that the forfeiture notice was adequate. Accordingly, will grant the said motion.

WHEREFORE, it is now hereby **ORDERED**:

1. Defendant Jahvar Looby's Renewed Motion for the Return of Property Seized (ECF No. 119) is **GRANTED**; and

2. The Department of Homeland Security shall return the personal property of Defendant Looby in its possession to Defendant or his designee on or before **January 20, 2022**.

ENTER:

Dated: January 5, 2022

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE